■ DONALD R. CAGE, Appellant, v ELIZABETH CAGE, Respondent. — In a matrimonial action in which defendant had been granted a judgment of divorce, plaintiff appeals from an order of the Supreme Court, Nassau County, dated July 18, 1980, which denied his motion to resettle the judgment with respect to certain personal property awarded to plaintiff by the judgment. Order reversed, without costs or disbursements, motion granted, and matter remitted to Special Term for resettlement. The wording of the judgment relative to distribution of personalty is ambiguous because it includes certain unspecified personal property owned by the plaintiff prior to the marriage. Since Special Term's decision contains a reference to "other assorted furniture," resettlement will clarify whether the court intended to permit plaintiff to obtain any items in addition to those specified with particularity in the judgment. Lazer, J.P., Gibbons, Gulotta and Cohalan, JJ., concur.

■ CONGREGATION B'NAI ABRAHAM OF EAST FLATBUSH, INC., Appellant, v MICHAEL TEITELBAUM, Respondent. — In an action for an accounting, in which the defendant has interposed a counterclaim for moneys owed him for services rendered, the plaintiff appeals from a judgment of the Supreme Court, Kings County, entered June 26, 1980, which was in favor of the defendant in the principal sum of $4,000, upon the granting of defendant's motion for partial summary judgment on his counterclaim. (We deem the notice of appeal to be from the afore-mentioned judgment.) Judgment affirmed, with $50 costs and disbursements. No opinion. Damiani, J.P., Titone, Mangano and Rabin, JJ., concur.

■ DONALDSON ACOUSTICS Co., INC., Plaintiff, v TRANSWORLD REALTY, INC., et al., Defendants. (Action No. 1.) AMERICAN SPORTSURFACING Co., Appellant-Respondent, v DONALDSON ACOUSTICS Co., INC., Respondent-Appellant, et al., Defendants. (Action No. 2.) — In an action by a subcontractor (Action No. 2), inter alia, to recover the amount owing to it from the funds received by the prime contractor, the parties cross-appeal from an order of the Supreme Court, Nassau County, dated February 6, 1980, which, inter alia, confirmed the Referee's report and directed plaintiff to pay $3,125 of the Referee's fee of $3,875. Order modified, on the facts, by substituting "$3,000" for "$3,875.00" in the second decretal paragraph, and "$2,250" for "$3,125" in the third decretal paragraph. As so modified, order affirmed, without costs or disbursements. The fee awarded to the Referee was excessive to the extent indicated. Lazer, J.P., Gibbons, Gulotta and Cohalan, JJ., concur.